Filed March 16, 1892.

---

## No. 523.

## COURTNEY *v.* COURTNEY.

DIVORCE.—*Dismissal of Action.*—*Attorneys' Fees.*—*Supervisory Power of Court.* —In a divorce proceeding, where plaintiff's attorneys performed services in the case upon the understanding that they should be paid out of allowances which should be made by the court, and the plaintiff during vacation filed her written dismissal of the cause, and said attorneys moved to set aside such dismissal, setting forth that they had not been paid for services rendered in the case, and asking an order against the defendant for the value of such services, and the court overruled a demurrer to the attorneys' motion, and made an order directing the defendant to pay said attorneys' fees, the action of the court was within his supervisory power, and was not error.

From the Switzerland Circuit Court.

*J. T. Ellis* and *G. S. Pleasants,* for appellant.

*J. A. Works* and *F. M. Griffith,* for appellee.

CRUMPACKER, J.—America Courtney, by Works and Griffith, her attorneys, brought an action in the Switzerland Circuit Court against Andrew J. Courtney for divorce.

Pending the action, the plaintiff applied for a temporary allowance for her support, showing in her application that she had a good cause for divorce, and that she was entirely destitute of means of support pending the litigation. An order was entered requiring the defendant to pay her a fixed

sum, which was complied with. During a vacation of the court, and while the cause was still undisposed of, the parties became reconciled, and began living together as husband and wife. Shortly thereafter the plaintiff notified her said attorneys that their services were no longer required, and, afterwards, she went to the clerk's office in person and placed on file a written dismissal of the action, which was duly entered in the order book by the clerk. Before the commencement of the following term of court, Works and Griffith filed a written motion in the clerk's office to set aside the dismissal, and caused both parties to be duly notified of the filing and pendency of the motion. This motion showed that said attorneys had been employed by the plaintiff to prosecute the action, and had performed services in that connection of the value of $55, for which they had not been paid; that the plaintiff was wholly unable to pay them, and such services were performed with the understanding that they should be paid out of allowances by the court therefor against the defendant pending the suit, or finally, in the event the petition was successfully prosecuted. They asked that an order be entered requiring the defendant to pay for such services before the final dismissal of the cause.

The defendant appeared and filed a demurrer to the motion, which was overruled, and such further proceedings were had that the court entered an order in the cause requiring the defendant to pay said attorneys the sum of $55, and from this order the defendant appeals.

It is first insisted on behalf of appellant that the dismissal in vacation effectually disposed of the case, and that the court had no jurisdiction of it thereafter.

Section 334, R. S. 1881, provides that the plaintiff may dismiss his action in vacation by filing a writing with the clerk to that effect, and the clerk shall enter such dismissal in the order book, and the court shall enter judgment accordingly at the next term.

It seems to have been the intention of the Legislature to

make the judgment of the court the consummating act of dismissal, and to leave in the court a general administrative power over the case until the final judgment, such as is inherent in every court of general jurisdiction in pending proceedings. In this view, courts not only have the authority, under such circumstances, but it is their duty upon a proper showing to protect the rights of third persons, injuriously affected by the vacation dismissal. All proceedings of a court are subject to review by its own authority while *in fieri*.

We are referred to the case of *St. John* v. *Hardwick,* 17 Ind. 180, as establishing a different doctrine, but we do not so regard it. In that case the question came up between the parties, upon a plea in abatement filed in a subsequent suit, alleging that at the time of the commencement of that action there was another action pending between the same parties upon the same subject-matter. A dismissal had been filed in vacation, but judgment had not been entered thereon when the last suit was commenced. The court very properly held that in the sense in which the question arose, there was no action pending after the vacation dismissal. It was dismissed effectually as far as the plaintiff was concerned, and he did not afterwards retract his order and attempt to prosecute the action further, and final judgment had been entered thereon before the plea was filed. Here, altogether a different question is raised, and the doctrine of that case is not applicable.

In the case of *Hart* v. *Hart,* 11 Ind. 384, the court had entered judgment upon the dismissal before the order complained of was made.

Our view of this question finds support, indirectly at least, in the case of *McLain* v. *Draper,* 109 Ind. 556.

It is next insisted that the facts did not warrant the court in making the order, because the action was discontinued as far as the plaintiff was concerned, and there was no necessity for the further expenditure of money in its prosecution.

The order was made under the first clause of section 1042, R. S. 1881, which vests in the discretion of the court the power to require the husband to pay, pending the action, such sums as will enable the wife to efficiently prepare her case for trial. It is immaterial, in so far as the existence of such power is concerned, whether the court requires payment before expenses are incurred or afterwards. If services are rendered by attorneys in anticipation of an order of allowance, we see no reason why the order may not be made and enforced in their behalf, even after a reconciliation. An attorney can not, ordinarily, be deprived of his equitable lien upon the resources of the litigation, by the act of his client without his consent. *Justice* v. *Justice,* 115 Ind. 201.

It is not to be understood that attorneys have any absolute and primary rights to compensation under section 1042, *supra,* but courts have the discretionary power, under some circumstances, to protect them by an order of allowance, where inequitable results would otherwise follow.

The judgment is affirmed.

Filed March 18 1892.