## Scott v. Kirtley.

(Decided November 16, 1915.)

Appeal from Kenton Circuit Court.
(Criminal, Common Law and Equity Division).

1. Trial—Legal Issues—Transfer for Jury Trial—Rights of Parties.— In an equitable action between the original contractor and the owner of the property, involving the validity of a mechanic's lien, where the owner claims damages because the work was not done in a workmanlike manner, either party is entitled, as a matter of right, to a jury trial of the disputed issues of fact, and it is error to refuse a jury trial where there is sufficient evidence to take the case to the jury.

2. Appeal and Error.—Trial—Transfer of Case for Jury Trial—Absence of Evidence—Error.—A judgment will not be reversed for error of the trial court in refusing to transfer the case to the common law docket for trial of certain disputed questions of fact, where the evidence is not in the record and it is impossible to

tell whether there was sufficient evidence to take the case to the jury.

S. L. BLAKELY and S. W. ADAMS for appellant.

A. E. STRICKLETT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

J. W. Scott, a contractor, contracted with J. H. Kirtley, the owner, to remodel an old house and build an addition thereto for the price of $1,890.03. Subsequently, a few changes were made in the contract, which increased the contract price. Kirtley made certain payments on the contract. Scott claiming a balance due under the contract of $456.98, filed a statement of mechanic's lien in the Kenton County Clerk's office.

Charging that the work of construction was defectively done, and that by reason thereof the plaintiff had been damaged in the sum of $600.00, and that there was nothing due defendant under the contract, plaintiff brought this action to cancel the lien which defendant was attempting to assert on the property. Defendant filed an answer and counterclaim denying the allegations of the petition and seeking the enforcement of his lien. The allegations of the petition and counterclaim were denied by reply. Thereupon defendant moved for a jury trial as to the disputed issues of fact. The motion was overruled. The case was then referred to the commissioner, who reported in favor of plaintiff. On final hearing, the chancellor adjudged that defendant was not entitled to a lien on the property and judgment was entered accordingly. Defendant appeals.

Defendant's chief complaint is that the trial court erred in refusing to transfer the case for trial by jury of the disputed questions of fact. This precise question was before this court in the case of Carder & Vallandingham v. Weisenburg, 95 Ky., 135. There Weisenburg, a contractor who had repaired and remodeled a flouring mill belonging to appellants, sought to enforce a lien on the mill for the contract price. Appellants admitted the contract but claimed that the work was not done in a workmanlike manner and asked damages in consequence. Appellants asked that the court transfer the legal issues to the common law docket to be tried by a

jury. The motion was overruled and the case tried by the court. On appeal to this court the court held that the enforcement of the lien on the mill property depended on whether or not there was anything due under the contract, and that the latter question was an issue of fact properly triable by a jury. In discussing the question the court said:

"The Constitution of this State guarantees the right of jury trial. This means a trial according to the course of the common law, and secures the right only in cases where a jury trial was customarily used at common law; but in cases of purely equitable cognizance a trial by jury is not a matter of right, but it is addressed to the discretion of the chancellor. The right of trial by jury as secured to the citizen by the Constitution of the State, cannot be taken away or placed at the discretion of the chancellor by converting a legal right into an equitable one, or by giving the chancellor an exclusive right to try legal issues, because there is some equitable right that arises out of the establishment of the legal issues, so as to infringe upon the right of trial by jury. That right must remain inviolate as a secured constitutional right of the citizen in all trials in which, according to the course of the common law, the right to a trial by jury exists."

In the case under consideration, Scott was not entitled to a lien unless there was a balance due under the contract. Whether or not there was a balance due was, under the rule above announced, properly triable by a jury. The case of Rieger, et al. v. Schulte & Eicher, et al., 151 Ky., 129, when properly understood, does not announce a contrary doctrine. There the lien claimants were subcontractors. They had no contract with the owner. Their only rights were under and by virtue of the Mechanic's Lien Statute. Having no rights at common law, no right of trial by jury as to the disputed issues of fact existed at the common law. It was, therefore, held that the remedy afforded by the Mechanic's Lien Statute, upon which their cause of action was solely based, was exclusive and that they were not entitled to a trial by a jury of the disputed issues of fact. It is apparent, however, that in the case of an original contractor a different rule prevails. His right of action does not depend altogether on the statute. He has an independent cause of action arising out of his contract. On the question

whether or not there was anything due under his contract, he had the right to a jury trial at common law. The mere fact that the statute gives him an additional right does not deprive him of the right to a jury trial, which existed at common law. We, therefore, conclude that in every case between the original contractor and the owner, involving such disputed legal issues as arise for decision in this case, either party has the right to have them tried by a jury, and it is prejudicial error to refuse such right wherever the record shows that there was sufficient evidence to take the case to the jury. The case of Reiger, et al. v. Schulte & Eicher, et al., *supra*, insofar as it conflicts with this view, is hereby overruled. The difficulty in the present case, however, arises out of the fact that the evidence heard below is not in the record. The burden is always on the appellant to show that he has been prejudiced by an erroneous ruling of the trial court. In the absence of the evidence, we are unable to say that there was sufficient evidence to take the case to the jury, or that the appellant has been prejudiced by the refusal of the trial court to award him a jury trial.

Judgment affirmed.