## Heskamp v. Heskamp.

(Decided May 6, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. **Divorce—Whether Alimony Proper Determined in Light of Situation when Divorce Granted.**—Whether alimony is too large or too small is determined on appeal in light of condition of parties when divorce was granted, leaving it to chancellor to alter to conform to any change in condition.

2.  Divorce—Alimony Held Just and Equitable.—Allowance of $60.00 a month as alimony and maintenance for two children, resulting in leaving income of $140.00 a month, which might fluctuate, to husband, and $120.00 a month to wife, held just and equitable to both parties.

3.  Divorce—Husband Liable for Wife's Costs, Including Attorney's Fees.—Under Kentucky Statutes, section 900, husband is liable for costs, including reasonable attorney's fees, though wife has sufficient estate to pay the same; she not being at fault.

4.  Divorce—Chancellor Had Right to Look to Record to Ascertain Services Performed, to Fix Attorney's Fee.—No evidence being offered as to value of services rendered by attorney for wife suing for divorce, chancellor had right to look to record to ascertain services and fix value from his own knowledge of such matters.

J. L. RICHARDSON and BEN F. EWING for appellant.

ALEX. G. BARRET and HERMAN NETTELROTH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming both on original and cross appeals.

Appellant's wife was granted a divorce and awarded $60.00 a month as alimony and maintenance for the two children in her custody, the third child being left in the custody of appellant. Appellant was also required to pay the costs, including an attorney's fee of $250.00.

Appellant first insists that the divorce was improperly granted, and that no alimony should have been allowed. No good purpose can be accomplished by a detailed statement of the evidence. It is sufficient to say that we have read the record with great care and are unable to agree with the contention that the decree of divorce was unauthorized by the evidence.

It remains to determine whether the allowance of alimony and maintenance is too large as insisted by appellant, or too small as claimed by appellee on her cross-appeal. This question must be determined in the light of the situation and condition of the parties when the divorce was granted, leaving it to the chancellor to increase or decrease the allowance so as to conform to any change in the condition of the parties. It appears that appellee is the owner of a piece of real estate having a rental value of between $900.00 and $1,000.00 a year. On the property is a mortgage for $2,000.00. After the payment of interest, taxes, repairs and insurance, it is doubtful if the income from the property will

exceed $55.00 or $60.00 a month. On the other hand, appellant was awarded the stock of groceries, subject to the outstanding indebtedness, in the store which he conducted prior to the divorce. He owned an automobile worth $750.00, on which he had paid in two months the sum of $412.75. He was in receipt of a salary and bonus of $120.00 a month from the United States government as a warehouse guard, and was also engaged in selling automobiles on commission. It further appears that in the month of October, 1921, he earned commissions of $85.00 and actually received in that month on sales made during that month and prior thereto the sum of $146.24. If his average earnings from this source be fixed at $80.00 a month, then his total earnings are about $200.00 a month. As he is required to pay monthly to appellee $60.00 of this sum, the result is that he has left an income of about $140.00 a month, while appellee has an income of about $120.00 a month. Taking into consideration the fact that the income from sales on automobiles is not certain and fixed, but will necessarily fluctuate from time to time, we have reached the conclusion that the allowance made by the chancellor is about as equitable and just as the circumstances will permit.

Under the statute, the husband is liable for the wife's costs in an action for divorce, unless the wife is at fault and has ample estate to pay the same, section 900, Kentucky Statutes, and having reached the conclusion that appellee was not at fault, it results that appellant is liable for the costs, including a reasonable attorney's fee, notwithstanding the fact that appellee has sufficient estate to pay the same. Honaker v. Honaker, 182 Ky. 38, 206 S. W. 12.

There being no evidence offered as to the value of the services rendered by the attorneys for appellee, the chancellor had the right to look to the record to ascertain the services performed and to fix their value from his own knowledge of such matters (Honaker v. Honaker, *supra*), and we are unable to say that the fee allowed was unreasonable.

Judgment affirmed both on the original and cross appeals.