## Coker v. Coker.

(Decided November 19, 1926.)

### Appeal from Logan Circuit Court.

1. Witnesses.—Witnesses should state facts and not conclusions.
2. Divorce.—Divorce should not be granted on scant testimony, but proof of grounds relied on must be reasonably clear and convincing.
3. Divorce.—Where wife had no estate a reasonable attorney's fee should have been allowed to wife's attorney in suit for divorce by husband, in view of Kentucky Statutes, section 900.

I. G. MASON for appellant.

O. M. SMITH for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant and defendant below and the appellee and plaintiff below were married on the 17th day of December, 1917, and lived together until the 28th day of May, 1925. At the time of the marriage the plaintiff was a widower with five small children and defendant was a widow with children, though the number thereof is not disclosed by the record. Three children were born to this union. Neither of the parties owns any property and the effort to support the combined families imposed a severe burden on both of them and the real trouble between them appears to have grown out of the attitude of each toward the children of the other.

On July 20, 1925, plaintiff instituted suit in the Logan circuit court for divorce on the ground of one year's abandonment. Defendant filed an answer and counterclaim traversing the averments of the petition and asking divorce from plaintiff on the ground of cruel and inhuman treatment. She also asked for alimony and for her costs, including an attorney's fee of $50.00.

Upon the submission of the case the lower court dismissed both the petition and the counterclaim and entered judgment against plaintiff for the costs without allowing any attorney's fee for defendant's attorney.

The plaintiff took no proof on the question of abandonment and the evidence on the question of cruel and inhuman treatment is very meager. The defendant testified in her own behalf and stated in general terms that plaintiff was unkind to her and cursed and abused her.

Her daughter, by her former marriage, who made her home with plaintiff and defendant, testified that plaintiff was unkind to her mother and that she had heard him curse the defendant. The evidence consists chiefly of mere conclusions by the witnesses that plaintiff's treatment of her was cruel. They do not state over what period of time the alleged cruel treatment extended nor of what it consisted, except that plaintiff cursed and abused defendant; nor do they state how frequently this occurred.

In order that the court might determine whether the conduct of the husband was of such character as to amount to cruel and inhuman treatment, the witnesses should state facts and not conclusions. The facts in this case bring it clearly within the reasoning in the opinion of Riggins v. Riggins, 191 Ky. 22, 228 S. W. 1030, wherein we said:

"Occasional quarrels about trival things, or even occasional outbursts of temper accompanied with the use of bad language, or other rudeness, or thoughtlessness at times about the rights and privileges of the wife, do not constitute such habitual misconduct as amounts to cruel and inhuman treatment. The most that can be said under the evidence in this case is that the appellee, being absorbed chiefly in his business, was not at times as considerate and thoughtful of his wife's wishes as he might have been. His conduct did not consist of that studied, persistent and habitual misconduct which the law says if persisted in long enough will eventually be treated as cruel and inhuman, even in the absence of any physical violence or attempted violence."

The marital relation should not be disturbed upon scant testimony and the courts will not assume the responsibility of dissolving the bonds unless the proof of the grounds relied on are reasonably clear and convincing. We are convinced that the evidence in this case did not authorize the court to grant the defendant a divorce on her counterclaim and that it was properly dismissed.

Complaint is made that no allowance of an attorney's fee was made for the defendant's attorney. Under section 900 of Kentucky Statutes the husband must pay the

costs of each party unless it shall be made to appear that the wife is in fault and has ample estate to pay the same. Heskamp v. Heskamp, 203 Ky. 75, 261 S. W. 848. The record discloses that the wife has no estate and a reasonable attorney's fee should have been allowed and taxed as costs. We consider that $25.00 would be reasonable under all the circumstances.

The appellee will pay all the costs of this appeal and the lower court will enter an order allowing $25.00 attorney's fee to appellant's attorney. The judgment as thus modified is affirmed.