No. 12,957.

FREDERICK *v.* FREDERICK.
(25 P. [2d] 733)

Decided October 2, 1933.

Mr. WILLIAM A. BLACK, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Suit for divorce. Frederick filed complaint July 18, 1931. July 23, following, his attorney sought to dismiss the case, to which the wife consented. Her counsel objected.

It appears that some days before the suit was begun Mrs. Frederick consulted Arthur D. Quaintance, an attorney, explaining that her husband was threatening divorce proceedings and made a full statement of the facts. She also told her attorney that she was without funds and would be unable to support herself and minor child, and could not pay attorney's fees. Quaintance advised with her generally as to her rights, and particularly that should the husband institute action, on proper showing the court would require her husband to make suitable provision for the support of herself and child pending trial, and to pay her attorney's reasonable charges and her court disbursements. Quaintance got into immediate communication with Frederick's attorney, Mr. Black, appearing here, and together they endeavored to adjust not only the claim which Quaintance urged in behalf of his client as to the items mentioned, but as to Frederick's demand for possession of certain personal wearing apparel, allegedly being held by Mrs. Frederick. They were unable to agree. Frederick then filed complaint. After such filing counsel agreed to meet July 21, 1931, in court, and have preliminary rights determined. Mrs. Frederick and her counsel were in readiness to attend the hearing thus planned, when Frederick's attorney advised Quaintance that the court would not be able to take it up that day, and suggested that they appear July 23, 1931, to which Quaintance agreed. At eight o'clock that morning Mrs. Frederick telephoned her attorney to do nothing further, and refused to dis-

cuss the suggestion of her attorney's right to compensation, emphasizing her attitude by hanging up the telephone. Quaintance went to court at the appointed time, however, and there he found counsel for Frederick, who insisted on an order of dismissal. Quaintance protested, and explained to the court his connection with the case, the manner of his employment by Mrs. Frederick and from what source he was to receive compensation, and asked that dismissal be upon condition that Frederick pay him a reasonable fee. The court considered the matter, found that Quaintance was entitled to $50, reasonably earned, and directed that it be paid, $25 on or before August 1, 1931, and $25 on or before September 1, 1931, together with $5 to the clerk as docket fee for Mrs. Frederick, payable on or before the latter date, upon discharge of which dismissal would be made. August 3, 1931, the court, after hearing evidence, denied Frederick's application to vacate the order allowing counsel fees to Quaintance. Error is assigned.

 The reasonableness of the allowance is not questioned, and that Frederick was earning a wage that made the terms of payment free from burden seems clear. Indeed, the sole question presented is as to the right of the court to withhold dismissal of the suit, pending payment by the husband of a reasonable fee to the wife's attorney. We have held that where counsel fees had been ordered prior to the time of reconciliation and attempted dismissal, not granted, counsel could not thus be deprived of his right to recover from the husband, the attempt being denominated in the opinion as a "legal fraud upon counsel." *People ex rel. v. District Court,* 21 Colo. 251, 40 Pac. 460. In *Courtney v. Courtney,* 4 Ind. App. 221, 30 N. E. 914, counsel for the wife, plaintiff, had procured an order for temporary alimony, but had sought nothing for themselves. During court vacation the parties became reconciled. Shortly thereafter plaintiff notified her attorneys that their services were no longer required, and essayed in her own proper person to file a written dis-

missal of the action, which was duly entered in the order book by the clark, as was the practice there. Before the next term the attorneys filed a motion in their own behalf to set aside the dismissal, and caused both parties to be notified. The showing was that the attorneys had been employed by plaintiff to prosecute the action, and had performed services of the value of $55, for which they had not been paid; that plaintiff was wholly unable to pay them, and such services were performed with the understanding that they should be paid out of allowances by the court therefor against the defendant pending the suit, or finally. They asked that an order be entered requiring the defendant to pay for such services before the final dismissal of the cause. The trial court sustained the motion and awarded the attorneys the sum claimed. Affirming the order, the reviewing court said that "courts not only have the authority, under such circumstances, but it is their duty upon a proper showing to protect the rights of third persons, injuriously affected by the vacation dismissal." This case is in point and the doctrine announced conforms to the spirit of justice. See, also, *Aspinwall v. Sabin*, 22 Neb. 73, 34 N. W. 72; *Weaver v. Weaver*, 33 Ga. 172.

█ Frederick, angry, humiliated his wife with open slanderous charges. In sheer necessity she sought, as she rightly might, the services of counsel. The wife represented, her counsel understood, and the fact was, that only from him who had precipitated the breach could compensation be had. The case was of the kind, the facts appearing as here, in which the husband is customarily required to remunerate counsel employed by his spouse. His conclusion to withdraw the charge against his wife, to be commended, of course, did not operate to discharge his full obligation. He, not his wife, not her counsel, initiated that which gave rise to the reasonable added burden of his folly. The court properly retained control of the case for the purpose appearing. In no manner whatever did such continued control interfere

with the reconciliation of the parties. Let the judgment be affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.