JOHN B. DAILEY v. DOROTHY STEWART DAILEY

166 So. 564.
Division A.
Opinion Filed March 13, 1936.
Rehearing Denied March 31, 1936.

*Loftin, Stokes & Calkins* and *N. J. Rosenstein,* for Appellant;

*Joseph L. Eggum* and *Thomas H. Anderson,* for Appellee.

DAVIS, J.—On appeal from an order of the Circuit Court refusing plaintiff's petition to voluntarily dismiss his own divorce proceeding, it appears that under the circumstances shown by the record to exist at the time plaintiff's voluntary dismissal was applied for, the motion to dismiss was erroneously denied.

In cases for divorce where the wife employs counsel to advise her as to her rights and to resist on her behalf the prosecution of the pending divorce proceeding upon jurisdictional grounds, and counsel thereupon appears and renders valuable legal aid and services in the wife's behalf that result in a determination on the husband's part to voluntraily abandon his own suit for divorce, and the husband thereupon moves to voluntarily dismiss his own cause, the chancellor should ascertain and allow a reasonable attorney's fee for the wife's solicitor and require its payment, together with all accrued costs, as a condition of permitting the husband's voluntary dismissal of his suit and may refuse permission for such dismissal until such attorney's fee and costs are paid by plaintiff, but such Chancellor should not unconditionally refuse leave to dismiss the cause at the husband's option, unless other and additional special equitable considerations are made to appear that demonstrate that a voluntary dismissal of the cause at the time applied for, will result in some manifest unjust advantage being taken of the wife thereby. In this case no such equitable considerations were shown, so the motion to dismiss should not have been unconditionally refused.

The order appealed from is reversed with directions to grant a dismissal of the proceeding below upon the terms and conditions set forth in this opinion.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.