## Buttermann et al. v. Fox.

February 10, 1950.

As Modified on Denial of Rehearing May 12, 1950.

W. Scott Miller, Judge.

Charles E. Keller and Lovell M. Humphrey for appellants.

Bader & Maratta and Oscar O. Bader for appellee.

JUDGE LATIMER—Affirming.

Appellee was allowed $3,000 as attorney's fee in a divorce action. Appellants insist the allowance is excessive. They appeal upon three principal grounds: (1) A legal issue having been presented, the trial court should have granted them a trial by jury. (2) The allowance is grossly excessive, and (3) The evidence is insufficient to sustain a fee in this amount.

It will be unnecessary to state in detail the controversies in the divorce action, other than that appellants, after 20 years of married life, separated. Mr. Buttermann employed Charles E. Keller as his attorney and for a period of about a month discussed property settlement with Mrs. Buttermann without reaching any agreement. On July 15, 1947, Mrs. Buttermann consulted appellee, Henry I. Fox. On September 8, 1947, a petition was filed seeking alimony for Mrs. Buttermann and maintenance and custody of an invalid adult child. On September 29, which was about 11 weeks after employment, it appears that appellee, Fox, and Mrs. Buttermann had a disagreement and appellee withdrew from the case. Appellants insist that the attorney's claim for a fee, after withdrawing from the case, presents a legal issue as to the value of his services and must be tried at law by a jury upon seasonable motion. Such motion was made but overruled. In support of their position, appellants cite and rely on Bell v. Duncan, 196 Ky. 574, 245 S. W. 141; Scott v. Kirtley, 166 Ky. 727, 179 S. W. 825; and Baxter v. Hubbard, 242 Ky. 751, 47 S. W. 2d 743, and others wherein we have held that where a distinct legal issue is made, even in equitable actions, either party has a right to have such issue decided by jury. It will be noted, however, that those cases, unlike the present, were not divorce actions.

KRS 453.120 provides: "In actions for alimony and

divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs."

We have held the above section means that the husband must bear the court costs, including a reasonable attorney fee. Edleson v. Edleson, 173 Ky. 252, 190 S. W. 1083; Ratliff v. Ratliff, 193 Ky. 708, 237 S. W. 397; Coker v. Coker, 216 Ky. 669, 288 S. W. 291; Hamilton v. Hamilton, 298 Ky. 447, 183 S. W. 2d 36. It will be noted that in actions of this kind an allowance is made as attorney's fee to be taxed as costs. This allowance is made pursuant to a motion for same and in no way partakes of the qualities of a legal issue growing out of the cause of action. The mere fact that the attorney withdrew from the case does not create such a legal issue in the action. We have held that although wife's action for divorce is dismissed, even then her attorney may be allowed a fee to be taxed as costs. Hutchinson v. Hutchinson, 293 Ky. 270, 168 S. W. 2d 738. We have also held the above section of the statute applied even where wife's suit for divorce is settled. Evans v. Stewart, 18 Ky. Law Rep. 941, 38 S. W. 697. The question of allowance addresses itself to the chancellor.

Two and three above will be considered together. It is argued that the allowance of $3,000 for less than 8 weeks of part time discussion while the courts were in vacation is grossly excessive, especially where the attorney withdrew without cause. Appellants cite Axton v. Vance, 207 Ky. 580, 269 S. W. 534, and call attention to the elements that should be considered in entertaining the question of fee, namely, the amount and character of services rendered; labor, time, and trouble involved; nature and importance of the litigation; responsibility imposed; the amount of money or value of property affected; skill and experience called for; and the professional character and standing of the attorneys and the results secured. Based upon the above, it is insisted that such fee is excessive. There is some difference of opinion as to the amount and value of the property involved, ranging from $200,000 to $300,000. It is claimed that Mrs. Buttermann had obtained a better offer from her husband before she consulted appellee than afterwards. She says that appellee insisted she settle the matter at an amount less than had been offered before

she employed an attorney. Appellee testified that the reason he withdrew was because she told him that if he "would take a certain amount of money to the court, the court would give her such a settlement, such a judgment as she wanted from Buttermann." Appellee says that because of this improper conduct and proposal upon the part of his client, he withdrew from the action. After this withdrawal Mrs. Buttermann secured the services of Lovel M. Humphrey, who completed a settlement for Mrs. Buttermann at a somewhat higher figure, and who also filed petition for her for absolute divorce.

Matters of this kind are always more or less disturbing to this Court. Depositions were taken on each side and the matter fully heard by the Chancellor who allowed $3,000. Had no evidence been offered as to the value of the services rendered, the Chancellor had right to look to record to ascertain the services and fix value from his own knowledge of such matters. Heskamp v. Heskamp, 203 Ky. 75, 251 S. W. 848. But, as stated above, evidence was taken, and, based upon that evidence, the allowance was made. We have held that allowance of counsel fees is for the Chancellor in exercise of sound discretion, and that such allowance as counsel fees can be disturbed only for abuse of such discretion, or where more than a doubt exists as to the correctness of the chancellor's conclusions. Maher v. Maher, 295 Ky. 263, 174 S. W. 2d 289.

We have before us the depositions as taken, which generally cover the elements entering into the consideration of allowance for attorneys fees, as enumerated above. In support of the fee, we have the depositions of three reputable and outstanding attorneys who state that even a much larger amount would have been reasonable in this action. On the other hand, we have three equally as reputable and prominent attorneys testifying that $750 would be reasonable. While possibly if we had been sitting on the case originally, we would limit the amount somewhere less than the figure given, but in view of the testimony as given, and taking into consideration all of the limiting considerations above, we choose to follow the chancellor.

Wherefore, the judgment is affirmed.