**HULS et al. v. SMITH.**

Court of Appeals of Kentucky.

Oct. 31, 1952.

Rehearing Denied Dec. 19, 1952.

Marcus C. Redwine and Harvey T. Lisle, Winchester, for petitioners.

Arthur W. Grafton, Louisville, for respondent.

STANLEY, Commissioner.

The petitioners, John M. Huls and Doris Jean Huls, seek a mandatory direction to

the Honorable Macauley L. Smith, one of the chancellors of the Jefferson Circuit Court, to enter an order dismissing without prejudice a suit for divorce filed by Doris Jean Huls against her copetitioner. She had also asked for custody of two small children and a judgment for maintenance and alimony. A joint motion of the petitioners to dismiss the suit was tendered on August 12, 1952.

■ We, of course, recognize that a party may have an action filed by him dismissed if the rights of others will not be prejudicially affected, and if the trial court arbitrarily refuses to dismiss, the remedy of mandamus from this court is ordinarily available. Civil Code of Practice, Sec. 371. This is particularly so where the dismissal has been agreed to by all competent parties to the action. Bernheim v. Wallace, 186 Ky. 459, 217 S.W. 916, 8 A.L.R. 938. We look to the record to determine whether Judge Smith has acted arbitrarily in declining to sustain the motion to dismiss the suit. The petition, response and reply seem sufficient to present the case for a decision upon the merits.

Mrs. Huls, by a reputable Louisville attorney, filed the suit in October, 1950, and she was represented by him in all subsequent proceedings until the motion to dismiss was filed. It was purportedly signed by both parties litigant and by Winchester attorneys representing them respectively. The defendant had previously employed several different Louisville attorneys as counsel during the course of the suit, but none of them represented him in making the motion. By an interlocutory order, the court had required the defendant to pay the plaintiff $80 a month maintenance. Upon four different occasions it became necessary to issue rules for contempt for disobedience of the order. While the suit was pending, Huls entered into a bigamous marriage in Indiana. Afterward he filed a suit for divorce against Doris Jean Huls in Florida, falsely stating that he had resided in that state a sufficient length of time to invoke jurisdiction. He is now in the army and has made an allotment of part of his compensation, which is supplemented by the Government, for the maintenance of his wife and children. When the joint motion to dismiss the case had been tendered, Mrs. Huls' Louisville lawyer, upon his motion, was awarded a fee of $250 to be paid by the defendant. The allowance was resisted by him.

In his response, Judge Smith states that when the order of dismissal was tendered, Mrs. Huls' attorney referred to some agreement between the parties but did not file or exhibit any agreement. No claim was made that the parties had become reconciled. It was not shown that adequate provision had been made for the care and custody of the children. The response further states, upon information and belief, that the agreement to dismiss the suit had been obtained from Doris Jean Huls, who is 22 years old, without consultation with or advice from or notice to her attorney of record and that she had agreed to pay all court costs in excess of $25. The court was not advised that this young woman was informed of her rights or that the terms of the agreement are equitable and make adequate provision for the children. The respondent pleads that before dismissing the suit he should be satisfied that the costs, including the fee allowed the wife's attorney, have been paid; that the purported agreement to dismiss was entered into by the wife advisedly and that adequate and proper provision for the care, custody and maintenance of the children has been made.

■ In domestic relations cases the court in the administration of its jurisdiction has a responsibility and correlative discretionary power greater than in other cases. They are in a category different from private actions in which personal rights of the parties alone are affected. This appertains more especially to the welfare of children, if any. Divorce is not granted exclusively to meet the desire of the parties. The state is concerned in the preservation of the marriage relation, for the underlying reason that the home is the basic unit of society. Public policy enters into the proceeding in order to avoid mischiefs that may arise from the status of a man and woman being bound together by law but in fact unmarried. The questions

of the protection and welfare of children may be transcendent. So it is said that in an important sense the state is a quasi party and the children are real parties by representation. Indeed, the court becomes the legal protector of the rights of the children and his zealous concern in that respect may be paramount.

In connection with this general consideration we turn to the matter of dismissing an action where the welfare of children has become a matter of concern of the court. It has been said that the rules relating to dismissal of cases are not to be strictly observed in divorce suits. This liberality is usually desirable because the dismissal encourages reconciliation or approves the resumption of the marital relation. In the instant case, such desirable result was not in the picture. It was the converse. The case was not to be dismissed as settled but without prejudice. The court had reasonable grounds to suspect that the young wife and mother had been imposed upon. Whatever agreement had been reached was withheld from the court. The attorney who had represented the wife from the beginning had been ignored. It is the duty of the court upon a proper showing to protect the rights of third persons who might be injuriously affected by the dismissal of a divorce proceeding. Could the chancellor be sure that the rights of others than the husband and wife might not be prejudicially affected by the dismissal of the case unsettled? The court was not advised that any arrangements had been made for the welfare of the two little girls. There was an existing judgment with mandatory orders against the husband to pay a sum each month for the maintenance of his wife and children and he had continued to treat it with such contempt as to be brought before the court on four different occasions.

More than this, a judgment was entered against the husband in favor of the wife's attorney to be paid as part of the costs. KRS 453.120. It is said in 27 C.J.S., Divorce, § 146, that leave to discontinue is usually granted on condition that the costs or attorneys' fees be paid, although the interests of justice may not require that. We

have held that dismissal of a divorce suit by the plaintiff wife does not relieve the husband of liability for the payment of her attorney's fee and that judgment may be awarded at a later time. McMakin v. Wickliffe, 16 Ky.Law Rep. 240; Powell v. Lilly, 24 Ky.Law Rep. 193, 68 S.W. 123; Buttermann v. Fox, 312 Ky. 652, 229 S.W. 2d 160. We do not go so far as to say that a case should not be dismissed until the attorney's fee and other costs have been paid. We do say that the attorney of record having been adjudged a fee by name, he became a party to the suit, see Flood v. Flood, 302 Ky. 167, 194 S.W.2d 166, and the circumstances surrounding this effort to dismiss the case altogether afforded reasonable grounds for the court to believe that the attorney was being circumvented for the purpose of avoiding payment thereof. It was proper for the court to retain control of the case at least for the purpose of protecting the rights of the attorney. Courtney v. Courtney, 4 Ind.App. 221, 30 N.E. 914; Frederick v. Frederick, 93 Colo. 330, 25 P.2d 733; Jones v. Jones, 59 Ore. 308, 117 P. 414; Dailey v. Dailey, 123 Fla. 278, 166 So. 564.

Considering the fact that the parties had invoked the jurisdiction of the court and moved it into action, with the resulting interlocutory judgments affecting the children and the wife's attorney, and the conditions of the case and the circumstances attendant upon the proceeding to obtain its dismissal, we are of opinion that the court could exercise his discretion as to whether or not he should refuse a clearance of the case from the docket. These things reasonably afforded the conclusion that all was not well. Orderly judicial processes justified the refusal, for the right to dismiss was not absolute. Certainly there was no abuse of judicial discretion in withholding consent a reasonable length of time until the court was satisfied that no fraud was being committed upon the court or wife or the attorney of record, and, above all, that the welfare of the children had been protected.

While the allegations of the judge's response in the proceeding in this court have been denied by general reply, it cannot be

said that the traverse reaches the reasons the judge has ascribed for his action in the case before him. If by a full disclosure those reasons are shown not to be well founded, we are quite sure Judge Smith will be pleased to have his suspicions removed and will enter appropriate orders with respect to the motion to dismiss the case.

The mandatory order sought is denied and the petition is dismissed.