## BODEN v. BODEN et al.

Court of Appeals of Kentucky.

May 14, 1954.

Rehearing Denied June 25, 1954.

Terry L. Hatchett, Glasgow, for appellant.

Brents Dickinson, Jr., Cecil C. Wilson, Glasgow, for appellees.

COMBS, Justice.

Messrs. Brents Dickinson and Cecil C. Wilson represented Jewell B. Boden in a divorce case against her husband, Sam D.

Boden, Jr., in the Barren Circuit Court. Upon determination of the case Mrs. Boden's attorneys were allowed, as a joint attorney fee to be paid by the defendant, Sam Boden, the sum of $2,500. It is contended on this appeal that the allowance is excessive.

The divorce case was filed by Mrs. Boden on January 12, 1952 and final judgment was entered December 21, 1953. She first asked for divorce from bed and board, but after she and her husband agreed on a property settlement and custody of the children, she amended her petition and asked for an absolute divorce, which was granted to her.

By the terms of the property settlement, Mrs. Boden received title to the home of the parties, valued at about $7,000. She also received $5,000 in cash, with the additional sum of $45,000 to be paid to her in monthly installments over a period of some ten years. She is to receive the additional sum of $200 per month as maintenance for each of two infant children until they reach the age of 21. The agreement also provides for other incidental benefits to Mrs. Boden and her children, not necessary to be enumerated here.

As we read appellant's brief, his main objection to the amount of the attorney fee is based on the fact Mrs. Boden's attorneys did very little court-room work and the substance of the property settlement was worked out between Mr. and Mrs. Boden individually, in the absence of attorneys. It is true that the case required very little court-room attendance by the attorneys. Except for making up the pleadings, the only appearance of the attorneys in court appears to have been at the hearing on Mrs. Boden's application for alimony pendente lite, at which time testimony was presented before the judge. It is also pointed out that only one deposition was taken. This was the deposition of the defendant, Sam Boden, Jr., who was examined at considerable length, especially on cross-examination, and who apparently admitted facts which justified the court in granting a divorce to Mrs. Boden. It is also true that the attorneys were not present when Mr. and Mrs. Boden

agreed to the substance of the property agreement. But we do not regard this as having any particular significance. Mrs. Boden had held numerous conferences with her attorneys and had been in close communication with them throughout the course of the litigation. It is clear that the demands made by her, and the negotiations by her with her husband, were based upon the advice and information she had received from her counsel.

An attorney fee cannot be fixed with arithmetical accuracy. The factors to be considered are well summarized in Axton v. Vance, 207 Ky. 580, 269 S.W. 534. Briefly stated, they are:

(a) Amount and character of services rendered.

(b) Labor, time, and trouble involved.

(c) Nature and importance of the litigation or business in which the services were rendered.

(d) Responsibility imposed.

(e) The amount of money or the value of property affected by the controversy, or involved in the employment.

(f) Skill and experience called for in the performance of the services.

(g) The professional character and standing of the attorneys.

(h) The results secured. .

When the fee allowed in this case is measured by the yardstick set out above, we are unable to say that it is excessive. It is the rule that this court will respect the finding and discretion of the chancellor in such matters unless an abuse of discretion is clearly made to appear. Emery v. Emery, 264 Ky. 331, 334, 94 S.W.2d 634.

The appellant has filed motion to strike from appellee's brief certain statements made dehors the record. We have not considered these statements and the motion to strike them is sustained.

The judgment is affirmed.