Lonnie STUBBLEFIELD, Appellant,

v.

Nola B. STUBBLEFIELD et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1959.

Rehearing Denied Sept. 25, 1959.

Albert Karnes, Paducah, for appellant.

Roy N. Vance, Paducah, for appellees.

CLAY, Commissioner.

In this action the wife was granted a divorce and was awarded one-half of all the property of the parties, and one-half of the income from the properties after they separated. The wife was not allowed alimony, but the husband was required to pay the court costs and a $2,500 attorney fee. The husband appeals and the wife cross-appeals.

The brief for appellant husband fails to conform to RCA 1.210, and it is difficult to follow the many objections to the judgment. However, we find the judgment was erroneous in that it did not: (1) restore appellant's property, (2) award appellee one-half the bank account, and (3) award alimony.

The parties were married in 1947 and the wife continued to work during the marriage, either independently or as a partner in various enterprises with her husband. The husband admits they each have a one-half interest in all the accumulations of the marriage.

At the time of their marriage the husband owned a store building and an office building, with fixtures and stock of merchandise, which had a value at that time variously estimated as approximately $4,-000, $9,000 or $15,000. Shortly after the marriage the wife contributed something over $4,000 to their joint account.

The judgment had the effect of restoring to the wife the original $4,000 which she had furnished. It failed to restore to

the husband the value of the property he originally owned.

■ It is the duty of the court, as provided in KRS 403.060(2) and 403.065, to restore to each party all property obtained from or through the other before or during the marriage in consideration of the marriage. The husband's property, which according to his evidence had a value at the time of his marriage of $15,000, was sold four years after the marriage in 1951 for $15,000. Though the parties debate the valuation as of the time of the marriage, it seems to us immaterial. The property remained that of the husband until it was sold in 1951. The wife acquired no interest in the $15,000 sale price until it was deposited in the joint account. Her only interest therein arose by virtue of the marriage. Consequently he was entitled to have restored to him this sum.

An analogous situation was presented in Eversole v. Eversole's Adm'x, 169 Ky. 234, 183 S.W. 494. It was held that a life insurance policy taken out by the husband in favor of his wife was the property of the husband and continued to be his property even though the wife had paid some of the premiums. By the same token, appellant's store and office building continued to be the property of the husband, and the proceeds of their sale were still his property.

The parties seem to have confused the rules applicable where the husband and wife each contribute a certain amount to the joint purchase of a piece of property. We held in Kivett v. Kivett, Ky., 312 S.W. 2d 884, that in such case the wife is entitled to a return of the amount she contributed, without respect to appreciation or depreciation of the property. We have no problem of appreciation or depreciation in the present case where the wife made no contribution to this particular property. In making the restoration the judgment should have allowed the husband credit for this $15,000.

■ As before mentioned, the wife withdrew something over $4,000 from the joint bank account at the time the parties separated. This constituted restoration to her, and she would therefore be entitled to one-half of the balance remaining in the joint bank account at that time.

■ The husband objects to the award to the wife of one-half of the income from the properties after the parties separated, but on the evidence in the case, the Chancellor's finding and judgment in this respect were proper.

■ In view of our determination that the husband is entitled to a substantial restoration and considering the wife's estate as shown by the record, it is our opinion that she is entitled to alimony under the provisions of KRS 403.060. Apparently the Chancellor was attempting to work out an equitable settlement by denying restoration to the husband and denying alimony to the wife. This form of adjudication is not in conformity with our statutes, and the case must be remanded for determination of a proper alimony award. See Furgerson v. Furgerson, 307 Ky. 394, 211 S.W. 2d 161.

■ The husband takes issue with the allowance of costs and the wife's attorney fee against him. On this record it was proper to charge the husband with these expenses of litigation. However, we deem the amount of the attorney fee allowed, $2,500, to be excessive.

While the nature of a divorce suit is such that an attorney rarely receives adequate compensation for his services, he may not be allowed by the court more than is reasonable under the circumstances of each particular case. The amount of labor, time and trouble involved is only one of the considerations. In addition, we must consider the importance of the litigation, the skill required, the value of the property in controversy, and the results secured. See Boden v. Boden, Ky., 268 S.W.2d 632,

listing eight significant factors. This is not an extraordinary divorce case, the value of the property is not great, and the results of the litigation were not completely satisfactory. Further, it is apparent that the attorney's services in this litigation have not been completed.

In Buttermann v. Fox, 312 Ky. 652, 229 S.W.2d 160, upon which the wife's attorney relies, a $3,000 attorney fee was allowed, but the value of the property involved was $200,000 to $300,000.

We are of the opinion that a reasonable fee in this case for services rendered in the circuit court up to the time of the allowance should be no more than $1,750.

The judgment is reversed on the original appeal and reversed on the cross-appeal, and the case is remanded for proceedings consistent with this opinion.