**Frederick William ITSCHNER, Appellant,**

v.

**Florence Lancaster ITSCHNER and E. Louis Johnson, Appellees.**

Court of Appeals of Kentucky.

June 5, 1970.

Clarence Bartlett, Bartlett, McCarroll & Nunley, Owensboro, for appellant.

E. Louis Johnson, Owensboro, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

The appellant, defendant in the circuit court, appeals from a judgment awarding the appellee permanent alimony of $50,000, payable in weekly installments of $100 each, and an award of $300 per week for the support of the five infant children of the parties. The judgment also directed that appellant convey to appellee one of the houses owned by appellant, valued at about $6,400. Appellee was granted a divorce.

The parties were married at Brooklyn, New York, in 1955. They moved to Daviess County, Kentucky, in 1961, where the appellant has been engaged in some phase of the furniture business. The five children range in age from twelve to three years.

The wife was granted a divorce for fault of the husband, which we do not choose to detail here.

The trial court approved the report and findings of a special commissioner with one minor exception. This report found that appellant's earnings during the past year were $800 per week; that the furniture company in which appellant owns 51 percent of the capital stock and a brother owns the other 49 percent retired a debt of about $250,000 in a period of about two years; that appellant earned $28,000 in 1967 and $44,000 in 1968.

We do not find the allowance of alimony and child support provisions of the judgment clearly erroneous. CR 52.01.

Appellant argues the trial court erred in adjudging the appellee the home on Maple Avenue in Owensboro, Kentucky. He cites KRS 403.060. This home was purchased during the marriage, and title was placed in their joint names with provision for survivorship. Appellant's interest being less than the fee simple title, KRS 403.060 does not apply. See Jackson v. Jackson, Ky., 248 S.W.2d 411 (1952).

In view of the fact that appellant is not required to raise a lump sum payment of ali-

mony, we think he has faired pretty well under the judgment.

■ The allowance of $2,500 to appellee's attorney is also questioned. We cannot say the chancellor abused his discretion in fixing the fee in this amount. See Boden v. Boden, Ky., 268 S.W.2d 632.

The judgment is affirmed.

MILLIKEN, NEIKIRK, STEINFELD, PALMORE, and REED, JJ., concur.