**Kelly M. DANIELS and Pike County Development Company, Appellants,**

**v.**

**L. D. MAY, Appellee.**

Court of Appeals of Kentucky.

April 2, 1971.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellants.

Henry D. Stratton, Stratton & Johnson, Pikeville, for appellee.

VANCE, Commissioner.

This is an action by an attorney to recover a reasonable fee for legal services

rendered to his client. There was no agreement as to the amount of fee before the services were rendered. The trial court, without intervention of the jury, allowed a fee of $4,500.00. Although the Pike County Development Company was a party to the original action and was named as a party in this appeal, there is no issue presented which affects it and the term appellant as used herein refers only to the appellant, Kelly M. Daniels.

The appellant's brief presents two questions in the statement of questions presented. They are:

"1. Where an attorney attempts to recover a fee for services on a quantum meruit basis and there is evidence of the details of the services rendered or evidence of their value other than a filing of an office file compiled by the attorney seeking to have a fee fixed, is the trial court justified in fixing the value of the services from an examination of that file?

"2. Where an attorney is seeking to recover a fee for services on a quantum meruit basis but is unable to produce substantial evidence as to either the services rendered or the value thereof, should not his value expressed to his client after the services are completed be persuasive and given consideration by the court in determining the value of these services?"

As indicated by the phraseology of these questions, the trial court fixed the amount of the attorney's fee upon the basis of quantum meruit. The questions presented do not actually raise the issue of whether the allowance was excessive, likewise the thrust of appellant's argument is not directed to the question of excessiveness but rather to the point that the evidence presented in behalf of the attorney was not sufficient to form a basis to support any opinion or judgment as to the value of the services.

The services of the attorney were rendered in litigation which extended over a period of four years and culminated in an appeal to the United States Court of Appeals. Although the attorney did not keep detailed time records, he did present a general statement as to the nature and extent of his services over the entire period. He estimated that his attendance was required in court for more than two weeks and in addition he spent approximately four months' time in the preparation of the case, in conferences, research and briefing.

He fixed a value of $5,000.00 for his services and another attorney who was familiar with the work done testified the services were reasonably worth $4,500.00 to $5,000.00. The appellee exhibited a voluminous office file and introduced it as evidence of the volume of work done in the case.

The appellant did not introduce any evidence concerning the value of the attorney's services and argues only that the evidence was not sufficient to support the findings of the trial court and that the court should have given more weight to the amount which appellant claimed was a fee fixed by appellee before the commencement of this action.

Appellant testified that after the case was completed, the appellee informed him that his fee would be $2,500.00 and that he agreed to pay this amount. He had not made any payments thereon, however, except a credit of $291.57 which was allowed by the trial court as the value of the meals eaten by the appellee at appellant's restaurant.

Absent an agreement as to the amount of the fee before the services were rendered, the law implies an agreement that the attorney will be reasonably compensated. Garnett v. Walton, Ky., 242 S. W.2d 107 (1951).

While it is true that after the services were completed, the attorney's claim for a fee, uncertain as to amount, based upon the reasonable value of his services could have been reduced to a fixed sum by agreement between the attorney and client, the attorney denied that any such agreement was reached and the client did not argue

in his brief that the unliquidated claim for the reasonable value for the services rendered had, in fact, been reduced to a fixed sum by agreement.

■ Time spent is only one of the factors involved in fixing an attorney's fee. Boden v. Boden, Ky., 268 S.W.2d 632 (1954). In making the allowance of fee in this case, the court had evidence of the character and nature of the services rendered, and a general recitation of the time, labor and trouble involved, and the value of the property rights involved, and the court was aware of the professional standing of the attorney. The court was familiar with the litigation involved and the results obtained by the attorney were known to the court.

■ We are of the opinion that the evidence presented to the trial court was sufficient to form a basis for the allowance of attorney's fee and although it is not expressly argued that the allowance was excessive, we may say in passing that the allowance was a matter that addressed itself to the sound discretion of the trial court and his finding that the services were worth $4,500.00 in this case is not clearly erroneous and will not be set aside.

The judgment is affirmed.

All concur.