**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Theodore H. LAVIT and James**
**H. Abell, Appellees.**

No. 92–SC–450–DG.

Supreme Court of Kentucky.

Sept. 1, 1994.

Chris Gorman, Atty. Gen., David A. Smith, Denise Garrison McElvein, Sharon Kay Hilborn, Asst. Attys. Gen., Frankfort, for appellant.

James H. Abell, Jr., Theodore H. Lavit, Lebanon, Kevin M. McNally, McNally & Robinson, Frankfort, for appellees.

GENE SMALLWOOD, Jr., Special Justice.

In *Bradshaw v. Ball,* Ky., 487 S.W.2d 294, 298 (1972), this Court held:

"It is in the public interest that the administration of criminal justice proceed fairly, impartially, expeditiously, and efficiently. Therefore, it appears elemental that the public interest in the enforcement of criminal laws and the constitutional right of the indigent defendant to counsel can be satisfied only by requiring the state to furnish the indigent a competent attorney whose service does not unconstitutionally deprive him of his property without just compensation."

Therein, this Court took notice that in Kentucky, the executive and legislative branches of government had responded to this need by enactment of the Kentucky Public Defender Act, KRS Chapter 31. Although the implementation of the Act was still in the course of completion at that time, this Court stated:

"The Kentucky Public Defender Act of 1972 appears to provide means adequate to observe the required standards, if that Act is properly construed, administered, and promptly put into operation."

This Court is now called upon to determine whether in this case KRS Chapter 31 has been properly construed and administered.

On March 30, 1987, a Washington County Grand Jury returned an indictment against Michael Dean for robbery and murder. Dean's mother paid Attorney Lavit, appellee herein, a $1,000.00 retainer to represent her son. On December 28, 1987, Attorney Lavit filed on behalf of Dean, a notice of motion "to proceed further in the proceeding *in forma pauperis*" and attached Dean's affidavit thereto as grounds therefor. The affidavit requested the court for leave to have Dean's employed counsel appointed "in order that he may be fully compensated inasmuch as the time and effort which counsel has spent in

this case far exceeds the modest fee affiant's mother paid him." The motion was heard in open court and the Commonwealth's Attorney was present and withdrew any objection to Attorney Lavit's being appointed by the court to represent the defendant as a public defender, rather than as employed counsel. On January 5, 1988, an Order was entered finding that the defendant was indigent, allowing defendant to proceed *in forma pauperis* and appointing attorney Lavit as defendant's counsel.[1]

The capital murder trial, which lasted from January 20, 1988, through January 30, 1988, resulted in the jury acquitting Dean on both counts. On July 6, 1988, appellees submitted their final report to the court, demonstrating 186 in-court hours, valued at $35.00 per hour, 89.3 out-of-court hours, valued at $25.00 per hour, and 530 miles travelled, valued at 21 cents per mile, resulting in a total fee of $8,854.00. The trial court found the appellees' services and expenses to be necessary, fair, and reasonable.

Thereafter, appellees submitted the trial court's approval of services and expenses to the Kentucky Department of Public Advocacy, which refused payment. Appellees then filed a motion in the trial court to join the Washington County Judge Executive, Washington County Fiscal Court Magistrates, Washington County Public Defenders' Association, and the Kentucky Department of Public Advocacy, and its Director, as third party defendants, which motion was sustained by Order dated November 6, 1989. No objection to appellees' appointment as public defenders was raised by these parties. On October 6, 1989, the trial court ordered Washington County Public Defenders' Association to pay Attorneys Lavit and Abell $1,250.00 each, totalling $2,500.00 as their attorney fee and dismissed the claim against the Washington County Fiscal Court on the ground that it had no obligation for the fee.

On appeal, the Court of Appeals reversed the trial court, holding that any capital murder case is "ipso facto" a "special circum-

---

1. An Order dated January 4, 1988, appointing both Attorneys Lavit and Abell, appellees, was later entered on July 8, 1988.

stance" within the meaning of KRS 31.170(4), so as to allow additional legal defense compensation, and remanded the matter to the circuit court to enter an order allowing attorneys' fees in the additional sum of $6,354.00 for the appellees against the Washington County Public Defenders' Association and the Washington County Fiscal Court, jointly and severally, pursuant to KRS 31.160(1)(a). This court granted discretionary review.

■ The Attorney General argues before this Court that the Court of Appeals erred in holding that the defense of any capital murder case is *"ipso facto"* a "special circumstance" within the meaning of KRS 31.170(4).

KRS 31.170(4) provides:

"An attorney under subsection (3) shall be compensated for his services with regard to the complexity of the issues, the time involved, and other relevant considerations. However, he may be compensated at a rate no higher than thirty-five dollars ($35.00) an hour for time spent in court and no higher than twenty-five dollars ($25.00) an hour for time spent out of court subject in each case to a maximum total fee of one thousand two hundred fifty dollars ($1,250) in case of a felony and five hundred dollars ($500) in any other case, unless the court concerned finds that special circumstances warrant a higher total fee."

The statute directs that in determining compensation for attorney services rendered as public defender, consideration must be given to the complexity of the issues, the time involved, and other relevant considerations, including the amount and character of services rendered, nature and importance of the litigation in which the services were rendered, responsibility imposed, skill and experience called for in the performance of the services, professional character and standing of the attorneys, and result secured by their services. See, *Boden v. Boden*, Ky., 268 S.W.2d 632 (1951). No one factor can *ipso facto* constitute "special circumstances". Instead, all such factors must be considered.

■ Nevertheless, this Court finds that upon consideration of all proper factors, the services rendered by the appellees clearly required a finding that special circumstances existed herein to warrant a higher total attorney fee as a matter of law. The trial court's judgment in failing to award more than the statutory cap provided for in KRS 31.170(4) of $2,500.00 total, is inconsistent with the trial court's findings that the legal services rendered by the appellees and their expenses was necessary, fair, and reasonable. Moreover, it renders the "special circumstances" exception under KRS 31.170(4) meaningless and deprives the appellees · of their property without just compensation. See, *Bradshaw v. Ball, supra.* This does not elevate the defense of capital cases to the level of a legal specialty, as the Attorney General argues. The Court can foresee many circumstances under which the representation of a defendant in a capital case would not warrant a fee in excess of the statutory cap. Yet, where the consideration of all proper factors demonstrate unequivocally that "special circumstances" exist, then the trial court must properly construe KRS 31.170(4) and award additional reasonable attorney fees as a matter of law.

■ The Attorney General further argues that the appellees' fee should be held to the $1,000.00 retainer fee originally paid by the defendant's mother under this Court's ruling in *Morton v. Commonwealth*, Ky., 817 S.W.2d 218 (1991). Therein, we stated:

"any [attorney] fee paid is indeed bona fide and so long as the recipient of that fee continues as counsel, the defendant is disqualified from any indigency status." at p. 221.

However, this argument was not raised at any time below, and therefore, cannot now be considered in this Court. *Akers v. Floyd County Fiscal Court*, Ky., 556 S.W.2d 146 (1977); *Heucker v. Clifton*, Ky., 500 S.W.2d 398 (1973). Since this is an appellate court, our function is to review possible errors made by the trial court. If such court has had no opportunity to rule on a question, there is no alleged error before us to review. *Commonwealth v. Williams*, Ky., 317 S.W.2d 482 (1958).

THEREFORE, the opinion of the Court of Appeals is affirmed. The Order of the Washington Circuit Court directing payment

of attorney fees in the total amount of $2,500.00 is reversed and the case is remanded for entry of an order allowing fees in the additional sum of $6,354.00 for a total of $8,854.00 for Lavit and Abell and against the Washington County Public Defender's Association and the Washington County Fiscal Court, jointly and severally, because Washington County Fiscal Court had implemented a local plan of representation under KRS 31.160. *See, Pillersdorf, et al. v. Dept. of Public Advocacy* (92–SC–449–DG).

LEIBSON, REYNOLDS and SPAIN, JJ., and JAMES H. NEWBERRY, Special Justice, concur.

LAMBERT, J., concurs in result only.

WINTERSHEIMER, J., concurs in part and dissents in part and files a separate opinion.

STEPHENS, C.J., and STUMBO, J., not sitting.

WINTERSHEIMER, Justice, concurring in part, dissenting in part.

I concur in the result achieved by the majority opinion, but I must respectfully dissent from the rationale used to reach that result. KRS 31.170(4) requires a finding of special circumstances by the trial court before an order in regard to excess fees can be entered. I do not believe that this Court can substitute its finding by simply labeling it "a matter of law." This matter should be remanded to the trial court for the proper finding.