**PREFERRED AUTOMOTIVE SALES, INC., Appellant,**

v.

**William G. SISSON, Appellee.**

**No. 2000–CA–000842–MR.**

Court of Appeals of Kentucky.

April 27, 2001.

Barbara Anderson, Lexington, KY, for Appellant.

Lindsey Ingram, Jr., Lexington, KY, for Appellee.

Before GUDGEL, Chief Judge; COMBS and KNOPF, Judges.

## OPINION

COMBS, Judge:

Preferred Automotive Sales, Inc. appeals from the summary dismissal of its complaint against William G. Sisson. After purchasing a 1996 Ford Ranger truck from Sisson in November 1997, Preferred sued Sisson for losses which it sustained as a result of Sisson's admitted failure to disclose the existence of a title brand on the vehicle in violation of Kentucky Revised Statutes (KRS) 186A.530(7). In its final judgment of March 15, 2000, the trial court concluded that Sisson was not required to inform Preferred that the vehicle had been rebuilt. After a review of the record and the relevant statutory provisions relating to the transfer of motor vehicles, we believe that Sisson was not entitled to a judgment as a matter of law. Therefore, we reverse and remand the matter for additional proceedings.

On November 7, 1997, Sisson, the President of Central Baptist Hospital, asked one of his employees, Gary Durbin, to attempt to find a purchaser for Sisson's 1996 Ford truck. Durbin took the vehicle to Preferred, where it remained between November 7 and November 12. During that interval, Sisson engaged in telephone negotiations with Preferred's employees for the sale of the vehicle. A purchase price of $9,000 was eventually agreed upon. On November 12, Sisson went to the dealership and met with the secretary/bookkeeper, Norma Moses, who issued two checks to him totaling $9,000. Sisson also completed an odometer statement and executed the back of the Certificate of Title.[1]

There is no dispute that the front of the title indicated that the vehicle had been rebuilt. However, there is also no dispute that Sisson never disclosed to anyone at Preferred that the vehicle had been rebuilt. Preferred later sold the truck to Lonnie D. Hamlin. When Hamlin learned that the truck had been rebuilt, he requested that the sale be voided. Preferred rescinded its sale to Hamlin and then also attempted to void the transaction with Sisson. Sisson refused to rescind the sale to Preferred.

■ Keith Slaughter, the owner of Preferred, stated by affidavit that neither he nor any of his employees other than his secretary saw the title prior to the sale. He first discovered on January 9, 1998 that the truck purchased from Sisson was rebuilt—*after* the aborted sale to Hamlin. When he contacted Sisson, Slaughter alleged that Sisson initially claimed that he did not know that the truck had been rebuilt and that he had purchased it new. Slaughter alleged that Sisson later admitted that he was aware that the truck had been rebuilt but that Slaughter was "stuck" with it as the brand was on the title. While there is a factual dispute as to whether or not Sisson made any or all of these alleged statements to Slaughter, the resolution of that controversy is not germane to the legal issue raised in this appeal: namely, the proper application of KRS 186A.530 to Sisson's conduct *prior* to the sale. Preferred eventually sold the vehicle at auction for $4,915 and filed a lawsuit seeking compensatory damages in the amount of $5,500, lost profits of $1,927, punitive damages, and attorney's fees. After conducting some discovery, Sisson moved for and was granted a summary judgment dismissing Preferred's complaint.

---

1. There is a dispute as to whether the title was executed on November 12, 1997, or on November 17, 1997, the date affixed by the notary. However, the date on which the title was signed is not critical to our holding.

Preferred's lawsuit is based on the provisions contained in KRS 186A.530(7) and (8) regarding the disclosure of title brands to "any prospective purchaser." The statute reads as follows:

(7) A motor vehicle owner or a motor vehicle dealer licensed in this state who offers for sale, trade, or transfer a motor vehicle which carries a title brand, as set forth in subsection (2) of this section, *shall disclose* the nature of the brand to any prospective buyer or transferee, prior to the sale, and according to the following:

. . . .

(b) Nondealer disclosure *shall be made* in accordance with the procedures provided for in KRS 186A.060. The Department of Vehicle Regulation shall ensure that disclosure information appears near the beginning of the application for title and informs the buyer that the vehicle is a rebuilt vehicle.

(8) Failure of a dealer to procure the buyer's acknowledgment signature on the buyer's notification form *or failure of any person other than a dealer* to procure the buyer's acknowledgment signature on the vehicle transaction record form *shall render the sale voidable* at the election of the buyer. The election to render the sale voidable shall be limited to forty-five (45) days after issuance of the title. This provision shall not bar any other remedies otherwise available to the purchaser. (Emphasis added.)

◼ The statute's disclosure requirements are applicable to individuals (nondealers) as well as to automobile dealers in the mandatory language. KRS 446.010(29) provides that as used in the statutes, "shall" is mandatory unless the context requires otherwise. *See also, Alexander v. S & M Motors, Inc.,* Ky., 28 S.W.3d 303 (2000). Significantly, disclosure must be made "prior to the sale" to "*any* prospective buyer or transferee." Although Preferred is an automobile dealership, it was nonetheless a "prospective buyer" in the context of the transaction with Sisson and was thus entitled to the protection afforded by the disclosure requirements.

◼ In granting Sisson's motion for summary judgment, the trial court reasoned that Sisson was excused from the duty to disclose the nature of the brand to his purchaser because Preferred utilized the procedure in KRS 186A.220[2] instead of completing the forms for a transfer of the Certificate of Title. We disagree that Sisson could be excused from the statutory obligation to disclose the brand and believe that the trial court erred in ignoring the principle of statutory construction that a court "cannot write into [a statute] an exception which the legislature did not make." *Bedinger v. Graybill's Executor & Trustee,* Ky., 302 S.W.2d 594, 599 (1957).

There is nothing in KRS 186A.530(7) or 186.220 that relieves an owner/seller of a vehicle of his obligation to make the required disclosure when the buyer is a dealer who has the alternative option of not immediately applying for a transfer of the vehicle's title. We cannot discern any legislative intent in KRS 186A.530 that a car dealer should be deprived of the protections afforded all other transferees when buying a vehicle from a nondealer. The statute puts the entire onus on the *owner/seller* of the vehicle to make the disclosure—without exception. Thus, we conclude that the trial court erred in finding that Preferred's "election" to utilize the

---

**2.** KRS 186A.220 allows a licensed motor vehicle dealer to avoid the requirement of obtaining a Certificate of Title and allows him instead to simply notify the county clerk of his acquisition of a vehicle.

procedure set forth in KRS 186A.220 voided Sisson's duty to notify Preferred of the rebuilt nature of the vehicle *prior* to the transfer.

The trial court also held that Sisson was justified in remaining silent about the rebuilt condition of the vehicle because the Certificate of Title containing the brand was in the glove compartment of the vehicle (and thus in Preferred's possession for several days) while negotiations were ongoing. Sisson argues that "[i]f the owner, salesman and bookkeeper all failed to notice on the Certificate of Title that the truck was rebuilt, they should be charged with that knowledge because it was available to them." We disagree. The plain words of the statute require the owner/seller of a motor vehicle "to disclose the nature of the brand" to the buyer *prior* to sale and "to procure the buyer's acknowledgment signature on the buyer's notification form." In no way does the statute permit or countenance the duplicitous conduct involved in this case. The legislative intent can be satisfied only by actual disclosure. Sisson could not be relieved of his statutory duty because he left the title in the glove compartment of the truck but remained silent when he had an affirmative statutory duty of disclosure. We believe that the Legislature intended to protect any and all prospective purchasers of a vehicle with a branded title—including a used car dealer such as Preferred. It has squarely and unequivocally placed the burden on the seller to make the required disclosure to the prospective buyer.

Summary judgment is only proper when there is no genuine issue of material fact and where the movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991); Kentucky Rules of Civil Procedure (CR) 56.03. We believe that the trial court erred in its interpretation of KRS 186A.530 and that Sisson was not entitled to a judgment as a matter of law.

The judgment of the Fayette Circuit Court is reversed and remanded for further proceedings consistent with this Opinion.

ALL CONCUR.