RENDERED:  NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1019-MR

DTP, LLC, TRUSTEE OF THE 681 S.
38TH STREET LAND TRUST,
LARRY MCWHORTER, TRUSTEE                                APPELLANT


|       | APPEAL FROM JEFFERSON CIRCUIT COURT |
|-------|-------------------------------------|
| v.    | HONORABLE ANN BAILEY SMITH, JUDGE   |
|       | ACTION NO. 10-CI-401633             |


EQUITY TRUST COMPANY
CUSTODIAN FBO WILLIAM LONG,
IRA                                                      APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND GOODWINE, JUDGES.

CETRULO, JUDGE: Appellant Larry McWhorter, in his capacity as trustee of DTP, LLC[1] ("McWhorter"), appeals the Jefferson Circuit Court order vacating its earlier order awarding McWhorter damages and attorneys' fees.

## FACTUAL AND PROCEDURAL HISTORY

Appellee Equity Trust Company, as custodian for the benefit of William Long, IRA ("ETC") held a mortgage on McWhorter's real property. McWhorter defaulted on his mortgage payments and ETC foreclosed the property. ETC filed a judgment lien to secure that mortgage lien judgment. Before the property could be sold at a judicial sale, McWhorter filed for bankruptcy, which stayed the underlying action. McWhorter's mortgage debt was then satisfied through Chapter 13 bankruptcy payments. Ultimately, the mortgage lien was released in October 2018; however, ETC never released the recorded judgment lien.

In July 2020, McWhorter made a formal demand to ETC to release the judgment lien under Kentucky Revised Statute ("KRS") 382.365. The record established that McWhorter properly mailed notice to ETC, in accordance with KRS 382.365(4)(c), and that ETC received the demand on July 27, 2020. ETC

---

[1] DTP, LLC is trustee of the 681 S. 38th Street Land Trust.

-2-

submitted the judgment lien release on that day; however, it was not recorded until one month later, on August 27, 2020.

Later that month, the circuit court awarded McWhorter $250 in attorneys' fees and ordered ETC to pay McWhorter $100 per day for each day the judgment lien remained intact, starting 15 days after McWhorter notified ETC pursuant to the statute.[2] ETC then moved under Kentucky Rule of Civil Procedure ("CR") 59.05 to amend that judgment and remove the award of attorneys' fees, arguing McWhorter needed to file a separate action to enforce the claim under KRS 382.365. The circuit court's award did not state the number of penalty days ETC owed; however, McWhorter claimed that he had first notified ETC of the failure around July 20, 2020; therefore, he claimed ETC failed to timely file a release for 37 days and stated damages should be $2,200 plus additional attorneys' fees (37 days – 15 days the statute allots = 22 days at $100 per day).

Following ETC's motion, in April 2021, the circuit court referred the matter to the county's master commissioner, pursuant to CR 53.02 and 53.04, "for

---

[2] In pertinent part, KRS 382.365(4) states

> [i]f the court finds that the lienholder received written notice of its failure to release and lacked good cause for not releasing the lien, the lienholder shall be liable to the owner of the real property . . . in the amount of one hundred dollars ($100) per day for each day, *beginning on the fifteenth day after receipt* of the written notice, of the violation for which good cause did not exist.

(Emphasis added.)

review and for the Commissioner to report and make a recommendation to the Court as to whether to enter the proposed judgment/order." After reviewing the record, ETC's motion, and McWhorter's response, the master commissioner concluded that ETC's argument was "entirely without legal merit" and that there was no such statutory requirement to file a separate action.[3]

Further, the master commissioner noted that ETC's request to amend the award of attorneys' fees was without factual merit because ETC admitted its failure to release the judgment lien when the mortgage lien was released in October 2018. The master commissioner concluded that such failure did not constitute "good cause" under KRS 382.365(4) and "was not an oversight" because ETC *admitted* that it believed McWhorter still owed ETC money for two years after the mortgage lien was satisfied. ETC therefore sat on that assumption – incorrectly – until its counsel reviewed the case history and realized the lien was properly satisfied and McWhorter owed ETC nothing. Additionally, the master commissioner saw "no reason why ETC should not bear [McWhorter's] attorney's fees[,]" for which the statute provides.

---

[3] CR 53.03 provides that the "master commissioner has and shall exercise the power to regulate all proceedings in every hearing before him or her and to do all acts and take all measures necessary or proper for the efficient performance of his or her duties under the order or local rules of court."

The master commissioner recommended that the circuit court deny ETC's motion to amend. It further recommended that the circuit court enter the new order McWhorter had tendered that revised the damages to reflect the 22-day delay in releasing the lien and $936 in attorneys' fees. In late April 2021, the circuit court followed the master commissioner's recommendation and signed McWhorter's tendered order denying ETC's motion and revising the August 3 order to award McWhorter $2,200 in damages and $936 in attorneys' fees.

In early May 2021, ETC submitted Exceptions to the Master Commissioner's Report, which took issue with the master commissioner's findings. A couple of weeks later, ETC filed a CR 59.05 motion to vacate the circuit court's April 2021 order, and the circuit court heard arguments later that month.[4] Following the arguments, in August 2021, the circuit court determined it had "erroneously entered [the April 2021 order] since [McWhorter] failed to initiate a proceeding, as required under KRS 382.365(3)" and vacated the April 2021 order.

McWhorter now appeals the August 2021 order and argues KRS 382.365(3) does not require that he file a new action.

---

[4] A recording of the arguments is not part of the record on appeal.

## STANDARD OF REVIEW

We review a circuit court's ruling on a CR 59.05 motion under the abuse of discretion standard. *Bowling v. Ky. Dep't of Corr.*, 301 S.W.3d 478, 483 (Ky. 2009) (citing *Gullion v. Gullion*, 163 S.W.3d 888, 892 (Ky. 2005)). A circuit court "abuses its discretion when its decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Adams v. Sietsema*, 533 S.W.3d 172, 176-77 n.2 (Ky. 2017) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). While a circuit court has "unlimited power to amend and alter its own judgments[,]"– *Gullion*, 163 S.W.3d at 891-92 (citation omitted) – "an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2048, 135 L. Ed. 2d 392 (1996).

As such,

> [w]hen it is argued that a trial court abused its discretion because its decision was 'unsupported by sound legal principles,' we must examine the application of those legal principles, and that is inherently a matter of law. We generally accord no deference to a trial court's view of the law. Thus, as a practical matter, in that limited instance there is no difference between review for abuse of discretion and *de novo* review.

*Adams*, 533 S.W.3d at 176-77 (footnote omitted) (quoting *Sargent v. Shaffer*, 467 S.W.3d 198, 203 n.5 (Ky. 2015), *overruled on other grounds by Univ. Med. Ctr., Inc. v. Shwab*, 628 S.W.3d 112 (Ky. 2021)).

## ANALYSIS

McWhorter argues that the circuit court erred when it vacated the April 2021 order because KRS 382.365(3) states that "a proceeding <u>may</u> be filed . . . , not shall [be filed]." McWhorter initiated his claims under KRS 382.365 via motions in the original case that ETC had filed against him for mortgage payments.[5] All the "offshoots" of that decade-long proceeding – *e.g.*, the foreclosure actions, creation of the liens, and garnishment actions – were conducted under that case number as well.

However, ETC argues that KRS 382.365(3) required McWhorter to file a separate proceeding and that he should have used the procedure set out in the Civil Rules to do so. Specifically, ETC claims that McWhorter needed to file a complaint under CR 8.01 to properly assert his claim. Despite ETC's laundry list of issues with the circuit court's orders,[6] that is the sole issue before this Court: did KRS 382.365(3) *require* McWhorter to file a separate proceeding?

---

[5] ETC's original complaint against McWhorter began around 2010.

[6] Although ETC makes numerous claims – including reiterating that it believed McWhorter and the circuit court failed to adhere to timeliness provisions under the Civil Rules when the pertinent motions were filed in 2020; that the April 2021 order was not ripe for entry; and his disagreement with the master commissioner's finding that ETC lacked good cause – this Court is

-7-

KRS 382.365(3) states that

> [a] proceeding *may* be filed by any owner of real property . . . in District Court or Circuit Court against a lienholder that violates subsection (1) or (2) of this section. A proceeding filed under this section shall be given precedence over other matters pending before the court.

(Emphasis added.)

Therefore, we must ask, did the legislature intend for "may" to mean *required*, as the circuit court – and ETC – has claimed? The short answer is no. As McWhorter notes, this Court has long understood the distinction between "may" and "shall." Kentucky statutes and the Kentucky Supreme Court have confirmed that "'May' is permissive[.]" KRS 446.010(26); *see also Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000) ("Not only have Kentucky courts long construed 'may' to be a permissive word, rather than a mandatory word, but our legislature has given guidance in this regard. When considering the construction of statutes, KRS 446.010(20)[7] provides that 'may' is permissive . . . ."). Alternatively, "'Shall' is mandatory[.]" KRS 446.010(39); *see also Fox v.*

---

"without authority to review issues not . . . decided by the trial court." *D.W. Wilburn, Inc. v. H&H Painting, LLC*, 648 S.W.3d 687, 693 (Ky. App. 2022) (quoting *Fischer v. Fischer*, 197 S.W.3d 98, 102 (Ky. 2006)). The order on appeal – the circuit court's August 2021 order – stated only that it was vacating its April 2021 order because McWhorter did not initiate a proceeding under KRS 382.365. Therefore, that is the only issue we have the authority to review.

[7] "May" is now defined in KRS 446.010(26).

*Grayson*, 317 S.W.3d 1, 13 (Ky. 2010) (citation omitted) ("*may* generally signifies something as being permissive . . . in contrast to the word *shall*, which generally signifies something being mandatory").

Although it involved a different statute, in *Alexander*, the appellant made a similar argument as ETC: that despite the legislature using "may," the action appellant sought was mandatory. *Alexander*, 28 S.W.3d at 305. However, the Kentucky Supreme Court quickly rejected that assertion, citing to *White v. Check Holders, Inc.*, 996 S.W.2d 496, 497 (Ky. 1999), and noted its role in these analyses:

> This Court's duty in construing statutes is to ascertain and give effect to the intent of the General Assembly. *Beckham v. Board of Education*, Ky., 873 S.W.2d 575,577 (1994). When the words of a statute "are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written." *McCracken County Fiscal Court v. Graves*, Ky., 885 S.W.2d 307, 309 (1994).

Therefore, the Kentucky Supreme Court read the statute "to authorize, but not mandate, [the action]." *Id.*

Here, we must come to the same conclusion. The statute clearly and unambiguously states that a proceeding *may* be filed, not that a proceeding *shall* be filed. As discussed, a mistake of law is not beyond appellate correction. *Koon*, 518 U.S. at 100, 116 S. Ct. 2035. Therefore, because the circuit court's discretion

was guided by erroneous legal conclusions, it abused its discretion, and we must reverse.

## CONCLUSION

KRS 382.365(3) states that a proceeding "may" be filed, which the circuit court erroneously concluded to mean "is required to be filed." Therefore, the circuit court's decision was not guided by sound legal principles, and it abused its discretion when it vacated the April 2021 order based on that reasoning. We REVERSE the August 2021 order and REMAND for reinstatement of the April 2021 order.

ALL CONCUR.

BRIEF FOR APPELLANT:

Bert M. Edwards
Louisville, Kentucky

BRIEF FOR APPELLEE:

Brad Lammi
Max Schweiger
Louisville, Kentucky